IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEVON ZIELINSKI | ' |
| *Plaintiff,* | ' |
| v. | ' CIVIL ACTION NO. 3:22-CV00071-1 |
| | ' JURY |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | ' |
| *Defendant.* | ' |

PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

TO THE HONORABLE COURT:

Plaintiff Devon Zielinski files his First Amended Complaint and Jury Demand complaining of Defendant Allstate Fire and Casualty Insurance Company, and alleges the following:

## I. JURISDICTIONAL DAMAGES

1.1   Venue in this case is proper in Dallas County, Texas, because the incident forming the basis of this lawsuit occurred in Dallas County, Texas.

1.2   Plaintiff seeks only monetary relief of less than $75,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, and all other relief to which he may be justly entitled. (Exhibit A)

## II. NOTICE OF INTENT

2.1   Plaintiff gives notice of intent to utilize items produced by Defendant in discovery in the trial of this matter, and the authenticity of such items is self-proven.

## III. PARTIES

3.1   Plaintiff is a resident of Denton County, Texas. The last four digits of Plaintiff's

Social Security number are 4086, and the last three digits of his driver's license are 686.

3.2    Defendant Allstate Fire and Casualty Insurance Company is an insurance corporation licensed to sell insurance in the state of Texas and may be served with process upon its registered agent CT Corporation System 1999 Bryant St., Dallas, TX 75201.

## IV. FACTS

4.1    On July 24, 2019, the Plaintiff was driving a 2008 Honda Accord owned by his father, Parry Zielinski, in Dallas County, Texas when he was involved in an automobile crash with a vehicle owned and operated by Emilio Cantu.

4.2    At that time of the crash made the basis of this lawsuit, Emilio Cantu was an underinsured motorist.

## V. NEGLIGENCE

5.1    The crash made the basis of this lawsuit and the resulting damages to the Plaintiff was proximately caused by the negligence of Emilio Cantu, and his negligence was a proximate cause of injuries and damages to the Plaintiff

## VI. CAUSE OFF ACTION AGAINST DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

6.1.    Petition for Declaratory Relief against Defendant Allstate Fire and Casualty Insurance Company. Based on foregoing facts, and pursuant to the policy between Plaintiff's father, Parry Zielinski, the Defendant Allstate Fire and Casualty Insurance Company at the time of the accident, Plaintiff seeks a declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code Ch. 37 constructing the contract of insurance and declaring Plaintiff's rights and obligations under the contract. Specifically, Plaintiff seeks findings as follows:

   a. Emilio Cantu's negligence was the cause of the crash;
   b. Plaintiff's father, Parry Zielinski, was a policy holder with the Defendant at the time of the crash;
   c. The coverage with Defendant includes uninsured/underinsured motorist insurance;
   d. Emilio Cantu was an underinsured motorist as defined in the policy;
   e. Plaintiff is entitled to recover from Defendant Plaintiff's damages resulting from the car crash made the basis of this suit;
   f. Plaintiff's damages fall within the coverage afforded Plaintiff under the policy with Defendant; and
   g. Specifying the amount of damages, attorneys' fees, interest and court costs Defendant is obligated to pay.

6.2.  <u>Violations of the Texas Insurance Code and the Duty of Good Faith and Fair Dealing</u>

Defendant Allstate Fire and Casualty Insurance Company has failed to properly investigate Plaintiff's claim and failed to attempt in good faith to settle the claims once Defendant's liability became reasonably clear.

### VII. DAMAGES

7.1  As a result of this incident, Plaintiff suffered severe and disabling injuries to his back and neck. As the result of said injuries, he suffered severe pain, anguish, physical; impairment, lost wages and a loss of wage earning capacity. Said conditions have continued ever since the incident and will continue for a long time in the future.

7.2  Furthermore, Plaintiff has received necessary medical treatment for his injures and such treatment will continue for a long time in the future. He has incurred fair, reasonable, usual and customary medical expenses for that treatment, and will incur additional expenses in the future.

### VIII. ATTORNEYS' FEES

8.1  As a result of Defendant's conduct, Plaintiff has incurred attorneys' fees through

trial and appeal.

## IX. CONDITIONS PRECEDENT

9.1   All Conditions precedent have been met.

## X. JURY DEMAND

10.1   Plaintiff requests a jury to decide the factual issues of this case.

## XI. PRAYER

11.1   WHEREFORE, Plaintiff requests Defendant be cited or appear and answer, and after trial, Plaintiff have judgment against Defendant for:

    a.   All actual damages;

    b.   Reasonable attorneys' fees;

    c.   Declaratory relief as outlined in the petition;

    d.   Pre-judgment interest as provided by law;

    e.   Post-judgment interest at the highest rate allowed by law;

    f.   Costs of suit; and

    g.   all other relief to which Plaintiff may be justly entitled but for less than $75,000.00.

Respectfully submitted,

*/s/ Al Ellis*

---

Alfred W. Ellis
State Bar No. 06560000
*Of Counsel*
SOMMERMAN & QUESADA, L.L.P.
3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219-4461
(214) 720-0720 (Telephone)
(214) 720-0184 (Facsimile)
al@textrial.com

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

On February 10, 2022, I filed Plaintiff's Amended Complaint and Jury Demand with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

John W. Stilwell
LAW OFFICE OF JOHN STILWELL, PLLC
6213 Chapel Hill Blvd., Suite B
Plano, Texas 75093
Via Email and E-File

*/s/ Al Ellis*
Alfred W. Ellis

# EXHBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEVON ZIELINSKI | ' |
| *Plaintiff,* | ' |
| v. | ' CIVIL ACTION NO. 3:22-CV00071-1 |
| | ' JURY |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | ' |
| *Defendant.* | ' |

## AFFIDAVIT

THE STATE OF TEXAS       '

COUNTY OF DALLAS       '

BEFORE ME, the undersigned authority, personally appeared Devon Zielinski, who being by me duly sworn, deposed as follows:

My name is Devon Zielinski. I am over the age of 18 years. I have never been convicted of a crime, and I am fully capable of making this affidavit. I have personal knowledge of the facts stated in this affidavit and they are true and correct.

"I was injured in an automobile crash on July 24, 2019. I have authorized my attorneys to file suit against Allstate Fire and Casualty Insurance Company as a result of my injuries. In this lawsuit, I am requesting payment from Allstate Fire and Casualty Insurance Company in the sum of $74,900.00, including all costs, penalties, attorneys' fees or other elements of damage or recovery. The maximum amount in which I would accept in this lawsuit is $74,900.00".

Affidavit                                                                                                          1

FURTHER AFFIANT SAYETH NOT.

_____
Devon Zielinski

SUBSCRIBED AND SWORN TO before me by the said Devon Zielinski on this 10th day of February, 2022.

_____
Notary Public, State of Texas

LEAH MCBRIDE
Notary Public, State of Texas
Comm. Expires 02-27-2023
Notary ID 131909121

Affidavit

2