IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEVON ZIELINSKI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:22-CV-71-L** |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Plaintiff's Motion to Remand ("Motion") (Doc. 6), filed February 15, 2022. After careful consideration of the Motion, briefs of the parties, Plaintiff's pleadings, and applicable law, the court **grants** Plaintiff's Motion (Doc. 6).

## I.    Background

On November 30, 2021, Plaintiff Devon Zielinski ("Mr. Zielinski") or "Plaintiff") brought this action in the 134th Judicial District Court of Dallas County, Texas, against Defendant Allstate Fire and Casualty Insurance Company ("Allstate" or "Defendant"), seeking relief in the form of a declaratory judgment that he was injured while driving a vehicle owned and insured by his father; that such injuries resulted from a motor vehicle accident he had with an uninsured driver; and that such injuries are covered by his father's Allstate auto insurance policy. In his Original Petition, Plaintiff alleges that he "suffered severe and disabling injuries to his back and neck," including "severe pain, anguish, physical [] impairment, lost wages and a loss of wage[-]earning capacity," and that these "conditions have continued . . . since the incident and will continue for a long time in the future." Pl.'s Orig. Pet. ¶ 8.1-8.2. Plaintiff further alleges that he seeks "monetary relief of

**Memorandum Opinion and Order – Page 1**

less than $250,000, including damages, of any kind, penalties, costs, expenses, pre[]judgment interest, and attorney['s]." *Id.*

On January 12, 2022, Allstate removed the action to federal court based on diversity of citizenship. In its Notice of Removal (Doc. 1), Allstate alleges that there is complete diversity of citizenship between the parties, as Plaintiff is a citizen of Texas, and it is a citizen of Illinois. Allstate's Notice of Removal does not address whether the amount-in-controversy requirement for removed actions is satisfied.

Thereafter, Plaintiff filed an Amended Complaint on February 10, 2022, in which he stipulates that the amount in controversy is less than $75,000. Then, on February 22, 2022, he moved to remand the case to state court on February 22, 2022, contending that Defendant has not met its burden as the removing party of establishing that the amount in controversy exceeds $75,000. Plaintiff contends that his pleadings do not establish that the amount in controversy exceeds $75,000, particularly in light of his stipulation.

Defendant responds that Plaintiff's sole basis for remand is his stipulation, but the amount in controversy is determined at the time of removal, not based on any amended pleading or stipulation after removal. Defendant contends that, for this reason, and because Plaintiff does not dispute that the amount in controversy exceeded $75,000 at the time of removal, his Motion should be denied.

## II.   Legal Standard for Subject Matter Jurisdiction Based on Diversity

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited

jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d

1254, 1258 (5th Cir. 1988).  Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted).  "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)).  Failure to allege adequately the basis of diversity mandates remand of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).  A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted).

A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely.  *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).  "'Citizenship' and 'residence' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855).  "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted).  "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).  In defining or explaining the meaning of the term "principal place of business," the Supreme Court stated:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's

activities.  It is the place that Courts of Appeals have called the corporation's "nerve center."  And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, [that is], the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (citation omitted); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart*, 135 S. Ct. at 554.  Further, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."  *Id.*

In a removed case, when the complaint does not state a specific amount of damages and the allegations are challenged by the plaintiff or questioned by the court, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount."  *St. Paul Reinsurance*, 134 F.3d at 1253.  In such cases, "[t]he preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled.  The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]."  *De*

**Memorandum Opinion and Order – Page 5**

*Aguilar*, 47 F.3d at 1412 (footnotes omitted).  The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]."  *St. Paul Reinsurance*, 134 F.3d at 1253 n.13.  As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount.  If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy."  *Id.* at 1253.  If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court.  If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his recovery will not exceed the jurisdictional threshold.  *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it."  *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted).  Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction.

## III.   Analysis

Defendant's Notice of Removal establishes that Allstate is a citizen of Illinois, as it alleges that Allstate is an Illinois corporation with its principal place of business in Illinois.  The Notice of Removal, however, does not establish that Plaintiff is a citizen of Texas.  The Notice of Removal alleges that Plaintiff is a citizen, but this allegation is conclusory and unsupported by any facts.  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 n.7 (5th Cir. 1999) (explaining that conclusory allegations in a notice of removal are insufficient to support jurisdiction) (citations omitted).  While Allstate's Notice of Removal cites to paragraph II(1) of Plaintiff's Original Petition for support,

**Memorandum Opinion and Order – Page 6**

Plaintiff merely alleges in his Original Petition that he resides in Dallas County, Texas, which, as explained above, is legally insufficient to establish a natural person's citizenship for diversity purposes.

Allstate has also failed to meet its burden as the removing party of establishing that the amount in controversy exceeds $75,000.  It is not "facially apparent" from Plaintiff's pleadings that his claims exceed the jurisdictional amount, and Allstate did not file an affidavit in support of its contention that the amount in controversy exceeds $75,000.  As noted, Allstate's Notice of Removal does not even allege that the amount in controversy exceeds the jurisdictional amount.

Allstate is correct that the amount in controversy is determined as of the time of removal, such that once jurisdiction is established, "subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citations omitted).  Thus, "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.* (citations omitted).  Likewise, although "post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Id.* (citation omitted).

In this case, while the court cannot consider the stipulation in Plaintiff's Amended Complaint, it is not facially apparent from the pleadings in his Original Petition whether his damages exceed $75,000.  As indicated, Mr. Zielinski merely alleged that his damages were "less than $250,000," and that such amount included all damages, costs, interest, and attorneys' fees.

**Memorandum Opinion and Order – Page 7**

Pl.'s Orig. Pet. ¶ 8.1-8.2.  While $75,000 is certainly less than $250,000, this allegation does not establish that Plaintiff's damages will more likely than not exceed $75,000.

The general allegations in Plaintiff's Original Petition regarding his injuries are similarly insufficient to establish that his damages will more likely than not exceed the $75,000 jurisdictional amount. The Fifth Circuit has previously held that allegations regarding non-specific injuries such as those alleged by Mr. Zielinski are insufficient to demonstrate that it is "facially apparent" that a plaintiff's claims will exceed $75,000.  *See Simon*, 193 F.3d at 850-51 (concluding that damages alleged by the plaintiff with little specificity regarding her severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions, unidentified medical expenses, and her husband's alleged loss of consortium were insufficient to satisfy amount in controversy requirement).

In so holding, the court in *Simon* compared and distinguished the injuries alleged in *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999), in which it affirmed the district court's determination that the amount in controversy exceeded $75,000:

> We find the instant case distinguishable from *Luckett*, in which we concluded that the jurisdictional amount of damages was apparent on the face of the complaint. *Luckett* involved a tort action brought by a plaintiff whose luggage, containing her heart medication, was lost by the defendant airline. Luckett became severely ill after not taking the medication and specifically alleged damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework following her hospitalization. In contrast, the instant complaint alleged, with little specificity, damages from less severe physical injuries—an injured shoulder, bruises, and abrasions—and unidentified medical expenses for Simon, plus loss of consortium for Elwin. It did not allege any damages for loss of property, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, functional impairments, or disability, which damages, if alleged, would have supported a substantially larger monetary basis for federal jurisdiction. On the basis of the Simons' allegations, we must conclude that it was not "facially apparent" that the amount of damages would exceed $75,000.

*Simon*, 193 F.3d at 850-51 (citing *Luckett*, 171 F.3d at 298).

**Memorandum Opinion and Order – Page 8**

The nonspecific damages alleged in this case in Plaintiff's Original Petition are more analogous to those in *Simon* than *Luckett*. The court, therefore, determines that it is not "facially apparent" that Mr. Zielinski's damages for the claims and injuries alleged will exceed $75,000. To hold otherwise would cause the court to engage in the "briar patch of guesswork." *Staton v. Wells Fargo Bank, N.A.*, 192 F. Supp. 2d 681, 684 (N.D. Tex. 2002). In particular, Mr. Zielinski's Original Petition states nothing about the kind of medical treatment he received; whether he has had surgery or the cost of such surgery; the amount of his medical bills; the amount of lost wages (past and future); or the degree of any alleged impairment or disfigurement. Plaintiff uses the word "severe" in his Original Petition to describe his injuries. This is a term that is frequently used by plaintiffs, but it is a relative term that is amorphous when not accompanied by supporting factual allegations. Such boilerplate and conclusory allegations do nothing to assist the court in determining whether it is more likely than not that the amount in controversy exceeds $75,000, exclusive of interest and costs. They only create obvious uncertainty that causes a court to guess or speculate whether the jurisdictional threshold has been satisfied. When a court has to guess or speculate about the amount in controversy, the jurisdictional threshold is not satisfied.

Defendant also contends that Plaintiff does not dispute that the amount in controversy exceeded $75,000 at the time of removal. Plaintiff's Motion does focus on his Amended Complaint, but he also asserts that the "case was removed improvidently and without jurisdiction" before he amended his pleadings. Pl.'s Mot. ¶ 4. Regardless, this contention by Defendant is quite beside the point because "subject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919. Additionally, as the removing party, Defendant had the initial burden of establishing the existence of complete diversity of citizenship and the requisite amount in controversy, not Plaintiff. Because Allstate failed to meet its burden, the burden never shifted to

Plaintiff.  Further, because any doubts as to the propriety of the removal should be construed strictly in favor of remand, the court determines that this case must be remanded. *See Manguno*, 276 F.3d at 723.

## IV.    Conclusion

For the reasons explained, the court **concludes** that Allstate failed to establish that complete diversity of citizenship exists and that the amount in controversy exceeds $75,000. The court, therefore, lacks subject matter jurisdiction. Accordingly, the court **grants** Plaintiff's Motion to Remand (Doc. 6) and **remands** this action to the 134th Judicial District Court of Dallas County, Texas, from which it was removed.  The clerk of the court **shall** effect the remand in accordance with the usual procedure.

**It is so ordered** this 13th day of June, 2022.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 10**